# THE BOROUGH OF YORK v. MAGDALENA WELSH.

### ERROR TO THE COURT OF COMMON PLEAS OF YORK COUNTY.

Argued May 18, 1887—Decided October 3, 1887.

A borough having taken and occupied for a street an entire lot of ground charged with a widow's dower interest under § 41 of the act of March 29, 1832, P. L. 202, without notice to her in the proceedings for the assessment of damages, is liable for the payment of the widow's annual interest and an action of debt will lie therefor.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.; PAXSON, J., absent.

No. 74 July Term 1887, Sup. Ct.; court below, No. 121 April Term 1885, C. P.

On April 16, 1885, an action in *debt* was brought by Magdalena Welsh, the widow of George Welsh, deceased, against the burgess and inhabitants of the borough of York, to recover arrearages of interest upon a dower charge in favor of the plaintiff upon a lot of ground occupied by the borough as

a street. The pleas were nil debet, payment, payment with leave.

George Welsh died in 1877 seized of a lot in the borough of York, the same described in the plaintiff's narr., which lot in partition proceedings had was awarded to his son Zaccheus H. Welsh, at the valuation of $3,000. By an Orphans' Court decree entered March 13, 1878, a dower principal in favor of the plaintiff was charged upon the premises, the interest, $59.60, to be paid to her annually during her lifetime, on March 13th, each year, and the necessary recognizance to protect the widow and heirs was taken. On March 25, 1878, Zaccheus H. Welsh conveyed the premises to Augustus E. Fahs, subject expressly to said dower charge, but the deed was not recorded. On April 1, 1880, the town council enacted an ordinance laying out a street called South Pine street which occupied the entire lot. Under the act of April 22, 1856, P. L. 525, on petition to the Court of Quarter Sessions, viewers were appointed to make assessments for damages and contributions. The viewers reported on June 21, 1883, and awarded to Augustus E. Fahs, for damages over benefits the sum of $4,092.86. During the pendency of an appeal from this assessment the borough compromised with the land owner for $5,000 in full settlement of all damages, taking from Augustus E. Fahs and his wife a release for the ground taken, reserving the buildings and materials, releasing the premises "'for the use of a public street so long as the same shall be used for said purpose and so long only. To have and to hold the said piece of ground for the use of a street as long as the same shall be used for said purpose." Of these proceedings in the Quarter Sessions the widow had no notice.

On the trial, before JAMES W. LATTIMER, J., the foregoing facts were shown, and the defendant offered to prove by a witness on the stand and others that at the time of the execution of the release of Augustus Fahs and wife, already given in by plaintiff, said Augustus Fahs on being asked whether he had his deed there, the said deed not being recorded, replied, no, it was at home, and that upon being further asked whether there were any liens or incumbrances upon the property, replied, no. That it was upon the faith of these statements that said release was accepted and money therein

paid as the full damages to the property. Offered as a part of the res gestæ at the time of the execution of the release, to show the borough did not assume the payment of any dower interest or dower, and to show defendant is not liable in this form of action, which facts defendant claims can be shown because plaintiff gave release in evidence. Objected to.

Offer rejected; exception.[10]

The court charged the jury and answered the plaintiff's points as follows :—

Section 41 of the act of March 29, 1832, P. L. 202, defines the method of charging the widow's dower in proceedings in partition pursued in this case, and defines her remedies for its recovery. This section I will read to you. . . . . .

It is contended by the defendant that it paid to Augustus E. Fahs the full value of the entire lot, including the dower charged upon it, and that the borough is not liable to Mrs. Welsh for the arrears of interest; that she must look to Fahs who got the money for her annual payments, or if not to him to Zaccheus H. Welsh, who took the ground in the partition subject to this payment; that the borough of York is not an "assign" of Zaccheus H. Welsh, who took the land at the valuation in the proceedings in partition, within the meaning of the act just read to you, and is not, as such, liable to pay the annual interest on this dower charged to Mrs. Welsh.

I cannot agree with the counsel for the defendant in this view of the law. Mrs. Welsh had an estate in the land of her husband before the partition, and the nature of that estate was not changed by the proceedings in partition. It was an estate that could not be divested without her consent, or taken from her without at least notice of the proceedings, and an opportunity to assert her rights and secure their protection; no such notice was given her, or opportunity afforded. Her estate remains in the land in the hands of the borough. It matters not that by the terms of the release the borough has acquired but an easement, a right to the use of that land as a public highway, the fee and the reversion, if that use should be abandoned, remaining in Fahs.

The borough acquired by that release all that it would have acquired by the consummation of its proceedings to take the land under the right of eminent domain, the use, possession

Charge of Court below.

and entire occupation and enjoyment of the land. It has taken all that gave value to her estate in the land and has deprived her of all remedy to enforce her claims against the land, unless that remedy can be enforced in this action. Even the remedy of distress has been taken from her by the borough appropriation of the land and the removal of all that would make a distress effectual.

The constitution of the commonwealth provides that municipal corporations clothed with right of eminent domain shall make compensation for property taken, injured or destroyed, which shall be paid or secured before such taking, injury or destruction. It was the duty of the borough to ascertain all persons having estates of any sort in the land it proposed to take, and to name all such in its petition and to give to all notice, and an opportunity to assert their rights, and protect their property. Had this been done in this case, the plaintiff's rights could have been adequately secured.

It is true that her estate is of a peculiar character not entitling her to the possession of the land. It may be true that it could not have been divested by proceedings under the borough's right of eminent domain, and that she could not have been compensated by the award of damages in money. But if she had had notice of the proceedings she would have had an opportunity to assert her claim, and the borough could have protected her and itself by withholding from Fahs an amount equal to the capital of her dower during her widowhood. It was by the default of the defendant, however ignorant it was of her dower being charged on this land, that this suit has been necessitated. The plaintiff's estate in this land not having been divested by the proceedings instituted by the borough for the opening of this street, the borough took the land subject to the charge upon it. The defendant is such an assign as is made by the act of the 29th of March, 1832, which I read to you, liable for the payment of this dower interest, and an action of debt is a proper and adequate remedy to enforce that liability.

The court is requested to charge the jury on the part of the defendant as follows:

1. That the plaintiff is not entitled to a verdict against the

defendant on which judgment can be entered against the defendant.

Answer: This point is not correct.[1]

2. That the plaintiff is not entitled to a verdict against the defendant on which a judgment de terris can be entered.

Answer: This point is correct. A judgment de terris could not be enforced against a municipal corporation by an execution de terris exclusively.

3. That the evidence shows that defendant did not purchase the half lot of ground upon which the dower fund was charged; that the defendant only settled and paid the damages for laying out a street, over the half lot of ground on which the dower had been charged, and that the law does not imply or infer a promise to pay the annual interest on the dower fund to the widow under such a state of facts, or the facts of this case, and therefore the plaintiff is not entitled to recover in this action under the evidence.

Answer: The defendant is liable to plaintiff for her annual dower interest by reason of having taken the land on which her dower was charged without notice to her as shown by the evidence. It took the land subject to the charge, which was not divested by the proceedings had.[2]

4. That under the evidence it appears that the land had been condemned for the use and purposes of a street; that viewers were appointed who assessed the damages; that said amount of damages as well as an additional sum in order to procure a settlement without further litigation were paid to Augustus E. Fahs, the owner of the lot; that if the jury believe the facts to be as stated in this point, then the plaintiff cannot recover against the defendant in this suit.

Answer: This point is not correct in its statement of the law of this case.[3]

5. That if the jury believe that Augustus E. Fahs received the whole amount of damages assessed by the viewers together with the additional amount, subsequently agreed to be paid, or the amount subsequently agreed upon, which covered and included the damages assessed, then said Augustus E. Fahs is a trustee of the fund so received as damages and the plaintiff can recover from him her claim for annual interest on dower claimed in this suit; especially is that the case because said

Charge of Court below.

Augustus E. Fahs is bail in the recognizance when said land was taken at the appraisement and the owner of the half lot of ground on which said dower had been charged at the time the street was laid out, and is the owner thereof subject to the right of way at this time; therefore the plaintiff cannot recover in this suit against the defendant and the verdict of the jury should be in favor of the defendant.

Answer: I cannot affirm this point.[4]

6. That said proceedings given in evidence by which said half lot of ground was taken for the purposes of a street, with the subsequent proceedings to assess the damages, prevent the plaintiff from recovering against the defendant, especially in this suit, and the verdict should be for the defendant.

Answer: This point is not correct.[5]

7. That the plaintiff is not entitled to recover in this suit, and the verdict of the jury should be for the defendant.

Answer: This point is not correct.[6]

8. This suit is brought wrong. The proper parties are not brought into court; Unangst v. Kreamer, 8 W. & S. 395.

Answer: This point is not correct.

9. There is no evidence that the burgesses and inhabitants of the borough of York ever took upon themselves the payment of the sum claimed in this suit.

Answer: There is no evidence of any agreement or promise on the party of the defendant to pay this dower, and the defendant's liability as stated in the general charge rests not on such assumption.

10. That the defendant is not the party to whom the said real estate was adjudged, nor his heir nor his assigns. That the legal title of the lot on which dower is charged is still in said Augustus Fahs, as the plaintiff's evidence shows. That there is no evidence in the case showing that the defendant assumed the payment of the interest on the dower fund or the dower, and that the plaintiff cannot recover in this form of action against the defendant.

Answer: The defendant is the "assign" of the party taking the land at the valuation within the meaning of the 41st section of the act of March 29, 1832, and the plaintiff can recover in this form of action.[7]

11. That the plaintiff is not entitled to recover in this case

for the reason if no other that she did not take an appeal from the assessment of damages made by the jury, as required by the act of 13th of April, 1874, P. L. 283.

Answer: This point is not correct. [8]

In this action the plaintiff can only recover the amount of dower interest due at the date of the commencement of the suit, namely, April the 16th, 1885, with interest to the present time. By the decree of the court the dower interest is payable annually on March the 13th. It was paid to her on the 15th of April, 1883. By the terms of the release from Fahs and wife the borough was to get possession in sixty days from the 12th of May, 1883, which would bring the period of its obtaining possession under that release to 12th of July, 1883.

At that date, in the absence of other evidence precisely fixing the time, we may assume the possession of the borough to have commenced. Fahs was liable for the interest on the dower up to that time, being one third of the $59.60 due and payable on March the 13th, 1884, and the borough for the remainder of that year's interest, or $34.70 due on March 13, 1884, with interest from that date to the present time, and also for the amount due on March 13, 1885, $59.60 with interest to the present time, and for the aggregate of these two amounts, your verdict must be for the plaintiff.

The jury found for the plaintiff the sum of $119.26 debt with costs of suit. A motion in arrest of judgment was refused and judgment entered on the verdict. [9]

Thereupon the defendant took this writ, assigning for error:

1-8. The answers to defendant's points, [1-8]

9. The entry of judgment generally against defendant. [9]

10. The rejection of defendant's offer. [10]

*Mr. V. K. Keesey* (with him *Mr. John W. Bittenger, Mr. J. W. Heller* and *Mr. Charles A. Hawkins*), for the plaintiff in error:

1. Can the widow sustain an action in debt against the borough for her annual dower interest? This form of action is sustained in Pidcock v. Bye, 3 R. 183, on the ground of necessity, as we had no court of equity by which there could be a decree made to sell the property. It is said to be a proceeding in rem to raise money to pay the charge, and that the judg-

ment must be de terris: Pidcock v. Bye, 3 R. 183; Diefender-
fer v. Eshleman, 113 Pa. 305. This would prove that debt
was not a proper remedy, particularly as the remedy against
Zaccheus Welsh on his recognizance, and against Augustus
E. Fahs as a trustee, was complete. The latter was a trustee
for the widow: Workman v. Mifflin, 30 Pa. 371; Bean v.
Kulp, 7 Phila. 655.

2. The borough was not a purchaser; it but settled and
paid the damages. It did not know of the dower charge. It
was error to reject the offer to show that Fahs when asked for
his deed, replied it was at home and when asked whether there
were any liens or incumbrances, replied, no. A ground rent
landlord cannot petition to have damages assessed: Workman
v. Mifflin, supra; can a widow?

*Mr. E. D. Ziegler* (with him *Mr. Frank Geise* and *Mr. J.
R. Strawbridge*), for the defendant in error:

1. Under the act of March 29, 1832, P. L. 202, a widow has
all the remedies for the recovery of her interest that a land-
lord has for the collection of rents from a tenant. She may
proceed by distress, or by an action in assumpsit or in debt
and the judgment will be de bonis propriis: Penn. Ann. Co.
v. Vansyckel, 2 Pittsb. 535; Henderson v. Boyer, 44 Pa. 220;
Medlar v. Aulenbach, 2 P. & W. 355. In an action against
the tenant in fee for the recovery of the principal sum, the
judgment would be de terris: Pidcock v. Bye, 3 R. 183.
Diefenderfer v. Eshleman, 113 Pa. 305, does not decide that
where the action is for the widow's interest the judgment is
de terris.

2. The money received by Mr. Fahs as damages, was re-
ceived for his own estate in the land and not in trust for the
dower interest. The widow continued to have a freehold
estate in the land after it was occupied by the borough as a
street: Schall's App., 40 Pa. 170; Zeigler's App., 35 Pa. 173;
Gourley v. Kinley, 66 Pa. 270; Bachman v. Chrisman, 23 Pa.
162; and her estate could not be divested without her consent
and without notice to her.

3. The borough was bound at the time the land was taken
to ascertain the person or persons having estates therein so
that their rights could have been asserted and protected: § 8,

article XVI., of the constitution; Pusey v. Allegheny City, 98 Pa. 522.

OPINION, MR. JUSTICE GREEN:

It was undoubtedly the fault of the defendant that the estate of Mrs. Welsh in the land in question was not discovered, and provided for in the proceedings to assess the damages. Her title was fully spread upon the record of the Orphans' Court in the proceedings in partition, and there was not the slightest reason for overlooking it and disregarding her interests in the assessment of damages. The culpability in this respect was increased by the consideration that the damages were finally adjusted by a private agreement and the execution of a release from the owner to the borough. The widow was in no default whatever. She was not made a party nor in any manner notified of the taking of the land by the borough. Of course she had no day in court and no opportunity to assert her rights or protect her interests. In such circumstances she could not possibly be divested of her estate in the land or of the least fragment of her interests, by proceedings which, as to her, were purely ex parte. This being so, there is no question in the case but one of remedy.

The borough has taken the whole of the land and occupied it for the purpose of a public highway. The right of distress cannot be exercised since there is nothing to distrain. The land cannot be sold since it has been devoted to public use by the lawful exercise of the right of eminent domain, and no private estate in it can be granted. The borough has accepted a conveyance of the owner's title by deed of release which in fact is the equivalent of a fee, since it is only determinable by the abandonment of the street as a public highway, a contingency which may, and probably will, never happen. Whether therefore the position of the borough with reference to the widow is that of a voluntary grantee of the owner, or the acquisitor of his estate by force of the proceedings to take the land and assess the damages, is a matter of no consequence in determining her rights. As to what they are there can be no controversy. She is plainly entitled to her interest upon the dower fund and by the words of the statute, act of 29th March, 1832, § 41, she has a right to have it from the original acceptor

or his assigns holding the same. The defendant is clearly an assign of the acceptor and as such liable to pay this dower interest. That interest may be recovered "by distress or otherwise, as rents in this commonwealth are recoverable;" and, as debt will lie to recover rent and the defendant has deprived the plaintiff of the remedy by distress, we see no possible reason why the present action cannot be maintained.

Judgment affirmed.