# D. C. Kunselman and Lavina, his wife, for use of said wife, v. W. Nelson Stine, Appellant.

*Decedents' estates—Partition—Widow's dower—Orphans' court sale—Personal liability of purchaser—Transitory action—Act of March 29, 1832.*

The interest which a widow takes in this state in lieu of her dower at common law, is an interest in land, and not a mere charge or lien; and the character of her interest is not changed by the Act of March 29, 1832, P. L. 201, which prescribes the form of ascertaining and assigning it, and changes somewhat the method of its use and enjoyment.

A purchaser at a sale under proceedings in partition in the orphans' court, under section 43 of the act of March 29, 1832, who continues to hold title to the land, is personally liable for the payment of the annual interest on the widow's dower which remains charged upon the land; and

an action to recover such interest, being founded on privity of contract, is transitory, and may be enforced by the court which has jurisdiction over the person of the purchaser.

Argued May 24, 1898. Reargued May 22, 1899. Appeal, No. 11, Jan. T., 1898, by defendant, from orders of C. P. Northumberland Co., Sept. T., 1894, No. 365, discharging certain rules. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ., on argument, and before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ., on reargument. Affirmed.

Rule to show cause why the levy on a testatum fi. fa. to Schuylkill county should not be restricted to certain land in Schuylkill county.

Rule to show cause why judgment should not be stricken from the record for want of jurisdiction.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were orders discharging rules.

*N. Heblich* and *John W. Ryon*, for appellant.—The court had no jurisdiction: Powell v. Smith, 2 Watts, 126; Baker v. Howell, 6 S. & R. 476; Unangst v. Kraemer, 8 W. & S. 399.

The purchaser was not personally liable: Miller v. Leidig, 3 W. & S. 456; Mansell's Est., 1 Parson, 367; Shaupe v. Shaupe, 12 S. & R. 9; Mentzer v. Menor, 8 W. 296; Turner v. Hauser, 1 Watts, 420; Mann's App., 50 Pa. 380; Thomas v. Simpson, 3 Pa. 60.

*S. B. Boyer*, for appellee.—The purchaser was personally liable: Medlar v. Aulenbach, 2 P. & W. 355; Seaton v. Jamison, 7 Watts, 533; Wynn v. Brooke, 5 Rawle, 106; Hise v. Geiger, 7 W. & S. 273; Wilen's App., 105 Pa. 121; Penna. Annuity Co. v. Vansyckel, 2 Pitts. Rep. 535; Bentley's App., 99 Pa. 500; Kean v. Ellmaker, 7 S. & R. 1; Shelly v. Shelly, 8 W. & S. 160.

OPINION BY MR. JUSTICE FELL, July 19, 1899:

The plaintiff sued to recover the arrears of annual interest due upon her share of the real estate of which her husband died

seized. Her right to recover was settled by the decision in Kunselman v. Stine, 183 Pa. 1, in which it was held that her interest in the real estate of her husband was that of a tenant for life, and that it was not changed by the fact that in partition proceedings it was charged upon all the land of the husband passing to a purchaser. Her action was brought in Northumberland county, and the land is situate in Schuylkill county. Upon the return of the record from this court to the common pleas of Northumberland county a testatum fi. fa. was issued directed to the sheriff of Schuylkill county. The defendant then obtained two rules, one to show cause why the levy should not be restricted to the land, and the other to strike off the judgment on the ground that the action was local and that the court in which it was brought was without jurisdiction. The discharge of these rules gave rise to the questions now presented.

When the sale to the defendant was confirmed by the orphans' court it was ordered that one third of the purchase money, being the share of the widow, should remain during her life in the hands of the purchaser, and that interest thereon should be paid to her by him, his heirs and assigns, holding said premises, to be recovered by distress or otherwise as rents are recoverable. This order was made in pursuance of section 43 of the act of March 29, 1832, which provides that where a decree for the sale of real estate under proceedings in partition shall be made by the orphans' court, "the court shall direct that the share of the widow, if there be one, of the purchase money, shall remain in the hands of the purchaser during the natural life of the widow, and the interest thereof shall be regularly paid to her by the purchaser, his heirs and assigns holding the premises, to be recovered by distress or otherwise as rents are recoverable in this commonwealth, which the widow shall accept in full satisfaction of her dower in such premises, and at her decease her share of the purchase money shall be paid to the persons legally entitled thereto."

Difficulty has been experienced in all attempts to define the precise nature of the interest which a widow takes in this state in lieu of her dower at common law. The cases however agree that it is an interest in land, and not a mere charge or lien; and that the character of her interest is not changed by the act

of 1832, which prescribes the form of ascertaining and assigning it, and changes somewhat the method of its use and enjoyment: Schall's Appeal, 40 Pa. 170; Gourley v. Kinley, 66 Pa. 270; Diefenderfer v. Eshleman, 113 Pa. 305; Kunselman v. Stine, 183 Pa. 1. But the only question now before us is whether a purchaser at the sale under proceedings in partition, who still holds the title to the land, is personally liable for the payment of the annual interest. That the acceptance by an heir of a portion of a decedent's estate charged with the payment of the interest of one third of its valuation to the widow for life creates a personal liability on the part of the heir for the payment of the interest was expressly decided by this court in Penna. Co. v. Vansyckel, 2 Pittsburg, 535; 5 Leg. & Ins. Rep. 107. In the opinion in that case it was said by STRONG, J.: " The heir then takes the land descending to him and adjudged to him in severalty on the conditions prescribed in the act, which are, that he shall annually pay to the widow the interest on one-third of the valuation, and that it may be recovered of him as rents are recoverable. That this creates a personal liability to pay, even without a bond or recognizance securing the widow's interest, is manifest. In substance, the heir is a purchaser from the widow, and her interest is the price. Her dower is exchanged for her interest under the intestate laws, and the heir obtains the land unincumbered by her dower, in consideration for his assuming to pay her the annual interest."

This reasoning applies with equal, if not with greater, force to a purchaser at the sale. Section 41 of the act which provides for the interest of the widow where the land is taken by the heirs, requires that the sum at which her share of the estate shall be valued, together with interest thereon, shall be and remain upon the premises. Section 43 provides that where the land is sold the widow's share of the purchase money shall remain in the hands of the purchaser during her life. The language of this section, more directly than that of section 41, imposes a personal liability.

The action, being founded on privity of contract, was transitory, and the court in which it was brought had jurisdiction.

The judgment is affirmed.