# Witmer v. Warfel.

A Justice of the Peace has jurisdiction in a suit against the owner of real estate to recover the unpaid interest of a widow's dower charged thereon.

JUSTICES—JURISDICTION—DOWER INTEREST—CERTIORARI.

No. 19, September Term, 1902, C. P. of Lancaster Co.

B. F. Davis, Esq., for Exceptions.

A. B. Hassler, Esq., contra.

Opinion by LANDIS, J., October 13, 1902.

It seems to be agreed between the parties to this suit, and properly so, that the writ of certiorari having been sued out more than twenty days after the rendition of the judgment by the Justice, no objections can now be raised to his proceedings except such as go to his jurisdiction, and this, therefore, is the only question which merits our consideration.

On February 11, 1902, suit was begun by Barbara Witmer against E. C. Warfel, before S. E. Wanner, a Justice of the Peace. The transcript shows that the plaintiff's claim was for "two years' dower interest overdue," amounting to seventy dollars, "the dower being charged on the Sorrel Horse Hotel property in East Earl Township, Lancaster County, Penna., owned by the defendant." On February 19, 1902, judgment was entered in favor of the plaintiff for seventy dollars and the defendant now claims that the dower interest being a charge on real estate, the Justice had no jurisdiction of the subject matter of the suit.

It is needless to enter into a long disquisition on this subject, for it has been thoroughly discussed and conclusively settled by a concensus of opinions. In Rodney v. Washington, 16 W. N. C., 226, Arnold, J., in reviewing the decisions, says: "The value of her (the widow's) interest may be ascertained in proceedings in partition or by viewers appointed by the parties, or it may be settled by the Agreement of the parties. Where it is fixed, and the land becomes vested in an alienee of the heir, it may be recovered in an action of debt or assumpsit,

Witmer v. Warfel.

and this whether the alienee bought expressly subject to the charge or not; but the judgment must be *de terris*." See Pidcock v. Byc, 3 R., 183; Shelly v. Shelly, 8 W. & S., 153; Unangst vs. Kraemer, 8 W. & S., 391; DeHaven v. Bartholomew, 57 Pa., 126. In Karstein v. Bauer, 4 Penny, 366, it was held by the Supreme Court in affirming the Court below, that "an action lies by the widow against the purchaser or alienee of the purchaser," but that "the judgment is *de terris* and not general." In Diefenderfer v. Eshleman, 113 Pa., 305, it was held that "in an action in assumpsit by a widow to recover interest due her on her dower on the land of her late husband, the assignee is in no better position than the original purchaser; that he is bound to take notice of the decree of partition which is in the line of her title;" and in York Borough v. Welsh, 117 Pa., 174, where the Borough had taken and occupied a lot of ground, charged with a widow's dower, for a street, the Court held that it was liable to her for her annual interest in an action of debt. A purchaser at a sale under proceedings in partition in the Orphans' Court is even held under the Act of March 29, 1832, while continuing to hold the title, to be personally liable for the payment of her interest. Kunselman v. Stine, 192 Pa., 462.

We are of the opinion that there is no merit in the objection raised to the Justice's jurisdiction, and we, therefore, overrule the exceptions and confirm his proceedings.

Exceptions dismissed.

From Lancaster Law Review,
Lancaster, Pa.